# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **ERIKA CUEVAS,**<br>        **Plaintiff,**<br><br>**V.**<br><br>**THE HYGENIC CORPORATION**<br>        **Defendant.** | **CASE NO.:**  **6:22-cv-00189** |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff ERIKA CUEVAS, by and through her undersigned attorneys, and files her Complaint against Defendant THE HYGIENIC CORPORATION and alleges as follows:

## NATURE OF THE ACTION

1.      Defendant The Hygenic Corporation designed, manufactured, and distributed a defective Biofreeze Professional Pain Relief product.  On August 23, 2021, Ms. Erika Cuevas purchased this product at the Woody Weaver Pharmacy in Tyler, Texas to relieve some shoulder pain. Unfortunately, Ms. Cuevas' pain skyrocketed after applying Defendant's defective Biofreeze product. What, according to Defendant's marketing and product information, would provide her with immediate pain releif, instead caused her excriciating checmical burns which took weeks to heal. Ms. Cuevas now brings this suit.

## PARTIES

2.      Plaintiff, ERIKA CUEVAS, is an individual who resides in Tyler, Smith County, Texas.

3.      Defendant, THE HYGENIC CORPORATION is a Delaware corporation with its principal place of business in the state of Ohio. The Hygenic Corporation may be served with process

by serving its registered agent: Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## JURISDICTION AND VENUE

4.      This court has diversity jurisdiction over the parties pursuant to 28 U.S.C. §1332(a). No Defendant is a citizen of the same state as Plaintiff, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5.      Venue in this judicial district is proper pursuant to 28 U.S.C. §1391 because the acts or omissions giving rise to within claims occurred within the district and products manufactured are distributed by Defendant, including the product that is the subject of this case, are routinely sold within the Eastern District of Texas.

## FACTS SUPPORTING PLAINTIFF'S CLAIMS

6.      On August 23, 2021, Ms. Cuevas was experiencing an arthritis flare up in her shoulder and purchased the Defendant's Biofreeze Professional Pain Relief Spray ("Defendant's defective spray" hereinafter) over the counter at the Woody Weaver Pharmacy in Tyler, Texas. Hoping for some relief during her work day, she sprayed Defendant's defective spray on her right shoulder and right elbow.

7.      Just a few hours after application, the skin on her shoulder began to aggressively burn and itch. During her lunch hour, she rushed to her parent's house (which was closer than her own) to wash the Defendant's defective spray off, praying that would help the burn and itch. It didn't.

8.      Throughout the day, her shoulder continued to burn intensely, to the point that it was unbearable. Seeing how much pain she was suffering, Ms. Cuevas's boss sent her home for the day. The pain continued throughout the day and soon began to look like a terrible sunburn. And, like a sunburn, her skin was hot to the touch, incredibly sensitive, and bright, bright red.

9.     The following morning (August 24, 2021), Ms. Cuevas was still experiencing unbearable pain and decided to go to the Emergency Room at CHRISTUS Trinity Mother Frances in Tyler, Texas. Emergency Room physicians diagnosed Ms. Cuevas with severe chemical burns and prescribed her:

- **Bacitracin**—an antibiotic ointment used to treat bacterial skin infections.

- **Hydrocodone-acetaminophen**—an on opioid used to treat severe pain.

10.     Shortly after getting back home from the Emergency Room, Ms. Cuevas undressed and noticed blisters developing on the burns on her shoulder and elbow. As days went by, the blisters became enlarged, some growing to the size of golf balls and at least one growing to the size of a baseball.

 

*Pictures of Ms. Cuevas's chemical burns on her right shoulder as a result of using Defendant's defective spray.*

11.     On August 26, 2021, concerned that the burns were getting worse with the ever-enlarging blisters, Ms. Cuevas went to her primary care doctor, Dr. Julia Hwang. **Dr. Hwang diagnosed Ms. Cuevas with 2nd degree burns** and prescribed her:

- **Silver sulfadiazine**—an antibiotic cream used to treat serious infections on areas of skin with 2nd or 3rd degree burns.

- **Tramadol**—a strong painkiller used to treat moderate to severe pain.



*Pictures of Ms. Cuevas' chemical burns healing*

12.     On October 14, 2021, Ms. Cuevas went for a follow-up appointment with Dr. Hwang. Due to the severity of the burns and the intense pain Ms. Cuevas experienced, Dr. Hwang determined that Ms. Cuevas had developed an anxiety disorder. Ms. Cuevas was referred to a psychologist, Suzanne Brians, for further evaluation.

13.     Ms. Cuevas has previously used Defendant's other Biofreeze products—specifically, the Biofreeze Pain Relief Gel. This was, however, her first-time using Defendant's defective spray. After Ms. Cuevas developed the burns, she looked at the spray bottle to check if the spray was expired—it was not. The expiration date for the product she purchased is October 2023.



*Picture of expiration date on spray bottle*

14.     Due to using the spray, Ms. Cuevas suffered excruciating pain. She feared the risk of permanent scarring and has ongoing anxiety since the injury due to pain she endured. She could have never imagined that pain relief spray would cause her this much pain.

## CAUSES OF ACTION
## COUNT ONE—
## NEGLIGENCE

15.     Plaintiff hereby incorporates by reference the foregoing paragraphs as if set forth in full herein.

16.     Defendant has a duty to manufacture, distribute, and sell products that are not unreasonably dangerous.

17.     Defendant, acting by and through their agents and/or representatives, breached this duty by, in at least the following ways:

    a.     Failing to establish proper quality control methods;

    b.     Neglecting quality control;

    c.     Neglecting shipping practices;

    d.     Failing to inspect its products;

e.      Failing to establish proper inspection methods;

f.      Neglecting inspection;

g.      Failing to establish proper safety protocols;

h.      Neglecting safety protocols ;

i.      Failing to establish proper packing protocols ;

j.      Neglecting packing protocols ;

k.      Failing to conduct a proper quality control search over Plaintiff's purchase;

l.      Failing to utilize proper shipping practices for Plaintiff's purchase;

m.      Failing to properly inspect Plaintiff's purchase; and

n.      Failing to properly package Plaintiff's purchase.

18.      The negligence, recklessness, carelessness, and other wrongdoing of Defendant was the direct and proximate cause of Plaintiff's injuries.

19.      As the direct and proximate result of the negligence, recklessness, carelessness, and other wrongdoing of Defendant, Plaintiff suffered physical, mental, and emotional injuries and harm.

**COUNT TWO—**
**STRICT PRODUCTS LIABILITY: MANUFACTURING DEFECT**

20.      Plaintiff realleges and incorporates by reference the foregoing paragraphs as if set forth in full herein.

21.      In addition to the allegations above, Plaintiff brings this product liability action against Defendant for manufacturing defects.

22.      At the time the product at issue left Defendant's hands, there was a deviation from the design that rendered the product at issue unreasonably dangerous.

23.      The defects, as noted above, existed at the time it left Defendant's hands, and the defects were the producing cause of Plaintiff's injuries and damages.

6

24.     As a direct and proximate result of Defendant's placement of the defective product into the stream of commerce, Plaintiff has suffered significant damages including, but not limited to, physical, mental, and emotional injuries and harm.

**COUNT THREE—**
**STRICT PRODUCTS LIABILITY: FAILURE TO WARN**

25.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if set forth in full herein.

26.     In addition to the allegations above, Plaintiff brings this product liability action against Defendant for defects in Defendant's warnings.

27.     A manufacturer must provide adequate warning of dangers inherent in the improper use of the product and adequate instructions for the safe use of the product. The warning must be in a form which could reasonably be expected to catch the attention of, and be understood by, the ordinary user. Thus, if, at the time of sale, the warnings and instructions provided with the product fail to provide adequate warnings of the dangers inherent in the product's proper use, the warnings are insufficient.

28.     The defects, as noted above, existed at the time it left Defendant's hands, and the defects were the producing cause of Plaintiff's injuries and damages.

29.     As a direct and proximate result of Defendant's placement of the defective product into the stream of commerce, Plaintiff has suffered significant damages including, but not limited to, physical, mental, and emotional injuries and harm.

**COUNT FOUR—**
**BREACH OF EXPRESS WARRANTIES**

30.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if set forth in full herein.

31.     At all times mentioned herein, Defendant expressly warranted to Plaintiff and the general public, by and through statements made by Defendant or its authorized agents, or sales representatives, orally and in publications, package instructions and other written material, that the product at issue were safe, effective, fit and proper for their intended use.

32.     In utilizing the product at issue, Plaintiff relied on the skill, judgment, representations and foregoing express warranties of Defendant. Said warranties and representations were false in that the product at issue were not safe and were unfit for the uses for which it was intended.

33.     As a result of the foregoing breach of express warranties by Defendant, Plaintiff suffered unnecessary physical, mental, and emotional injuries and harm.

## COUNT FIVE—
## BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY

34.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if set forth in full herein.

35.     Prior to the time that the product at issue were used by Plaintiff, Defendant impliedly warranted to Plaintiff that the product was of merchantable quality, safe, and fit for the use for which they were intended.

36.     Plaintiff was and is unskilled in the research, design, and manufacture of the product at issue, and she reasonably relied on the skill, judgment, and implied warranty of the Defendant in using the product.

37.     The product at issue were neither safe for its intended purpose nor of merchantable quality, as warranted by Defendant, in that they had dangerous propensities when put to its intended use and caused severe injuries to the user.

38.     Defendant, by selling, delivering and/or distributing the defective product to Plaintiff, breached the implied warranties of merchantabilities and caused Plaintiff to suffer the damages described more fully herein.

## REMEDIES

39.     As a direct and proximate result of Defendant's tortious conduct as aforesaid, Plaintiff has suffered physical, mental, and emotional injuries and harm.

40.     Plaintiff seeks all elements of damages under the law including, but not limited to, the following:

    a.     Plaintiff has endured severe physical pain and suffering in the past and will continue to endure severe physical pain and suffering in the future;

    b.     Plaintiff has endured severe mental anguish in the past and will continue to endure severe mental anguish in the future;

    c.     Plaintiff claims both pre-judgment and post-judgment interest;

    d.     Plaintiff seeks compensatory damages; and

    e.     Plaintiff seeks punitive and exemplary damages.

41.     As a result of the above, Plaintiff seeks damages within the jurisdictional limits of the Court for which she seeks recovery from Defendant, Plaintiff states for notice purposes that by this pleading she is claiming any and all damages to which is entitled under applicable Texas and federal law.

## JURY TRIAL DEMAND

42.     Plaintiff demands a trial by jury on all issues of facts and damages raised in this case.

Respectfully submitted,

*/s/ Amy Carter*
Amy Carter
State Bar No. 24004580
Heather V. Davis
State Bar No. 24092324
Carter Law Group, P.C.
5473 Blair Rd.
Dallas, Texas 75231
amy@clgtrial.com
hdavis@clgtrial.com
214.390.4173

**COUNSEL FOR PLAINTIFF**